IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |  |
|---|---|---|
| KRISTA CROSBY, | ) | |
| | ) | 8:09CV342 |
| Cross-claimant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JILL CHANEY, | ) | |
| | ) | |
| Cross-defendant. | ) | |

This matter is before the court cross-claimant Krista Crosby's motion for default judgment, Filing No. 22, and for release of interpleaded funds, Filing No. 24. The Clerk of Court has entered default in accordance with Fed.R.Civ.P. 55(a). Filing No. 26. The sum of $25,000.00 has been paid into court, representing the proceeds of a policy of Voluntary Group Term Life Insurance, Group Number 908-05-45065-902, issued by Companion Life to Ronald E. Crosby. Filing No. 12. Krista Crosby has filed a cross-claim against Jill Chaney. Filing No. 6, Answer and Cross-claim.

According to the Complaint in Interpleader, Crosby named his daughter, Krista M. Crosby, as his beneficiary on his Group Insurance Enrollment Form. In November 2008, Mr. Crosby appointed Ms. Crosby as his Power of Attorney for Finances. In February 27, 2009, Mr. Crosby appointed Ms. Jill Chaney as his Durable Power of Attorney. Mr. Crosby stopped working in March 2009 due to illness. In April 2009, Ms. Chaney submitted a Portability Application to Companion Life that requested continuation of coverage under the policy and instructed Companion Life to change Mr. Crosby's beneficiary to Ms. Chaney as his Power of Attorney. Mr. Crosby died on June 6, 2009. Both Krista Crosby and Jill Chaney claim they are exclusively entitled to ownership of the $25,000.00 death benefit. See Filing No. 1, Complaint in Interpleader.

In its unopposed motion for leave to deposit funds, Companion Life stated that "Ms. Chaney is unrepresented in this action and has not filed an answer to the Complaint in Interpleader (Filing No. 1) or the Counterclaim filed by Ms. Crosby (Filing No. 6), and is

otherwise in default." Filing No. 11, Motion at 2. The record shows that the summons issued for Jill Chaney for service of the complaint listed her address as 604 South Harvard Avenue, Omaha NE 68944. In an order dated December 28, 2009, the court noted that "[t]he record does not contain evidence of service of summons of the cross claim on Jill Chaney, as required by Fed.R.Civ.P. 4," and ordered Krista Crosby to file a motion for clerk's entry of default and to "serve a copy of this order on Jill Chaney and file a certificate of service therefore." Filing No. 13. No certificate of service was filed.

Thereafter, Crosby filed a motion for substitute service on Jill Chaney, which was granted, permitting service by leaving the process at Jill Chaney's usual place of residence and mailing a copy by first class mail to Jill Chaney's last known address. Filing No. 17, Motion, and Filing No. 18, Order. A summons was then issued listing Jill Chaney's address as 604 S. Harvard Avenue, Harvard, NE 68944. Filing No. 15. A return of service was filed stating that "I certify that I served a copy of: OTHER-POST," apparently signed by Roger Rodenbeck, of the Clay County, Nebraska Sheriff's Office. Filing No. 20.

Under the Federal Rules of Civil Procedure, an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Under Nebraska law,

> Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard.

Neb. Rev. Stat. § 25-517.02; see *Thornton v. Thornton*, 704 N.W.2d 243, 255 (Neb. Ct. App. 2005); *Anderson v. Autocrat Corp.*, 231 N.W.2d 560, 565 (Neb. 1975). The Federal Rules also require proof of service to be made to the court "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed.R.Civ.P. 4(l)(1).

On this record, the court cannot ascertain whether service has been effected on Ms. Chaney. It appears that the original summons and the interpleader complaint may have been directed to an incorrect address. There has been no showing, by affidavit or otherwise, that the summons and cross-claim were mailed by first class U.S. Mail to Jill Cheney at her last known address. Further, the court cannot determine from the return of service that Ms. Chaney was properly served with the summons and counter-claim. Accordingly, the court finds Krista Crosby's motions for default judgment and for release of funds should be denied without prejudice to reassertion on a proper showing that substitute service has been effected.

IT IS ORDERED that:

1. Cross-claimant Krista Crosby's motion for default judgment (Filing No. 22) is denied.

2. Cross-claimant Krista Crosby's motion for release of funds (Filing No. 24) is denied.

DATED this 30th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.