IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **COMPANION LIFE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | 8:09CV342 |
| vs. | ) ) | ORDER |
| **KRISTA CROSBY,** | ) ) ) | |
| Defendant and Counter Claimant, | ) ) ) | |
| vs. | ) ) ) | |
| **JILL CHANEY** | ) ) ) | |
| Defendant and Counter Defendant. | ) ) | |

This matter is before the court sua sponte and pursuant to NECivR 41.2, which states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 120-day time limit for service of process on the defendant in a civil case, absent a showing of good cause.

In this case, Krista Crosby filed a counter claim against Jill Chaney on October 12, 2009. **See** Filing No. 6. Accordingly, the deadline for service of process expired **on or about February 12, 2010**. Although Ms. Crosby filed notice of execution of the summons (Filing No. 20), on April 30, 2010, the court determined it "cannot ascertain whether service has been effected on Ms. Chaney" based on the current record. **See** Filing No. 28. Based on this finding, the court denied Ms. Crosby's motion for default judgment and release of funds, "without prejudice to reassertion on a proper showing that substitute service has been effected." *Id.* at 3. Ms. Crosby has not responded to the court's order. Under the circumstances, Ms. Crosby must make a showing of good cause for the failure of timely service or the action must be dismissed as against Ms. Chaney. Upon consideration,

**IT IS ORDERED:**

Ms. Crosby shall show cause why this case should not be dismissed for failure to prosecute or file the proof of service electronically on or before the close of business **on June 21, 2010**.

Dated this 4th day of June, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge